GEORGE W. BLUNT, RESPONDENT, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANTS.

*Commissioners to open streets in New York — right of to maintain action for fees — confirmation of report.*

In an action by commissioners appointed to open and widen streets in the city of New York under the act of 1813, it is not necessary to allege in the complaint or to prove upon the trial that their report has been confirmed by the court.

APPEAL from an order overruling a demurrer to the complaint.

This action was brought to recover the costs and fees of the plaintiff, as one of the commissioners of estimate and assessment, "in the matter of opening of Sixty-fifth street from Third avenue to the East river."

The only question brought up by the appeal was, whether the complaint should have alleged that the commissioners' report was confirmed by the court.

*D. J. Dean*, for the appellants.

*Thomas D. Cottman*, for the respondent.

DANIELS, J.:

The point that this action cannot be sustained by the plaintiff without joining the other commissioners of estimate and assessment who acted with him, was not taken by the demurrer, and for that reason cannot be considered upon this appeal. The only objection made to the complaint was, that it did not contain facts sufficient

to constitute a cause of action. And its deficiency in that respect, was limited by the argument to the omission of the averment that the commissioners' report had been confirmed by the court. What finally became of the proceeding in no way appears, but it is contended on the part of the defendant that it should have been alleged that the report made was confirmed, before an action could be properly commenced for the recovery of the commissioners' fees. Whether the defendant is right in that position is the only point presented by this appeal. The proceedings themselves do not become final or effective, until they have been confirmed by the court. And for the purpose of rendering them complete in that respect very ample powers have been conferred upon the court. It may refer them back to the same commissioners, or to others from time to time, for reconsideration and correction, or direct their discontinuance when the confirmation is opposed by a majority in amount of the persons, who appear by the report to be interested either in the assessment for benefits or the awards of damages. (Revised Laws of 1813, chap. 86, § 178, vol. 2, p. 413; Laws of 1839, 182, chap. 209, § 1.) And within four calendar months after the confirmation of the report, it has been made the duty of the defendant to pay to the persons and bodies corporate respectively, "in whose favor any sum or sums of money shall be estimated and reported by the said commissioners, the respective sum or sums so estimated in their favor, respectively." And in case of default after an application for payment, then an action may be maintained by either of such persons for the recovery of the amount awarded. (Vol. 2, R. L. of 1813, 418, § 183.) And all moneys paid or for which the defendant may become liable to make payment, including the charges and expenses of the estimate and assessment and report that may be made in the premises, and all such other expenses, disbursements and charges also, as may arise or take place by and in consequence of the provisions of this act, for and about the opening of any such public square, or place, street or avenue, or part or section of a street or avenue so to be opened, or laying out, forming or extending, enlarging or otherwise improving any such street or public place, etc., except such sums as may be assessed upon the defendant, "shall be borne and reimbursed" "by the parties and persons interested and entitled as owners

or otherwise, unto and in the lands, tenements, hereditaments and premises deemed to be benefited thereby," etc. (Id., 419, § 185.) While these provisions authorize and provide for the assessment and collection of the awards, only after the confirmation of the report, they do not render the right of the commissioners to their fees and expenses dependent upon that circumstance. And the intent to make that right dependent on confirmation cannot reasonably be inferred from the fact that such fees and expenses may, to the extent mentioned, be assessed upon the property benefited by the improvement. The charges and expenses of the commissioners are provided for as an independent demand, to be added to the sums the defendant may become liable to pay by way of damages and compensation on account of the improvement to be made. The latter in express terms have been rendered dependent on the confirmation of the report, but the former have not either in terms or by reasonable implication. And it may reasonably be presumed to have been the intention of the law that the condition on which the payment of the awards was made dependent, was not designed to extend to the liability for the charges and expenses, because that was not so declared. The legislature's attention was directed to this subject, and in its disposition this condition was not extended beyond the awards themselves. The omission to provide for any such extension in terms as would include the charges and expenses is evidence that the intention to do that was not designed to be included in the act.

The purposes not to render the commissioners' right to compensation dependent on the confirmation of their report, is further and more clearly evinced by the provisions in terms made for their payment. The preceding act of 1807 provided that their compensation and all reasonable expenses for maps, field notes, monuments, chain bearers and assistants, should be paid by the defendant, and assessed as part of the expenses of the improvement. (Laws of 1807, 129, chap. 115, § 12.) And the amendatory act of 1813 was still more explicit on the subject, for it declared " that the commissioners who shall enter upon the duties of their appointment shall each be entitled to receive the sum of not more than four dollars, besides all reasonable expenses for maps, surveys and plans, clerk hire, and other necessary expenses and disbursements, for each day they

shall respectively be actually employed in the duties of their appointment, the same to be paid by the mayor, etc., of the city of New York," and included in the assessments to be made for benefits. (Vol. 2, Laws of 1813, 422, § 189.) And the act of 1818 made their payment to depend solely upon the same circumstance, that is, entering upon the duties of their appointment. For their services performed and their expenses incurred in that manner, it in terms declared they should "be paid by the mayor, aldermen and commonalty of the city of New York." (Laws of 1818, 205, chap. 213, § 7.) These sections created a positive obligation to pay, dependent only on the circumstance that the commissioners should discharge the duties of their appointment. A further obligation has since been added, requiring their costs and charges to be taxed before they shall be allowed or paid. (Laws of 1839, 185, chap. 209, § 12.) But no other change in the preceding law was made. Neither that, nor either of the other acts contains any thing which can properly be construed as depriving the commissioners of their costs and charges, because the report made by them may, in the end, have failed of confirmation. Such a provision would be unreasonable, unless it should appear that the failure resulted from the defective performance of their own duties, and if that should be shown such a provision would probably prove to be unnecessary for the proper protection of the defendant.

The complaint shows that the commissioners performed the duties assigned to them, and that the plaintiff's bill has been lawfully taxed. And as no further objection than those already disposed of was taken to its sufficiency, the demurrer to it was properly overruled. That an action can be maintained for the recovery of such a demand was held in *People* v. *Green* (1 Hun, 2, 14), and cases there referred to.

The order appealed from should be affirmed with costs, with leave to defendant to answer in twenty days on payment of the costs of the demurrer and the appeal from the order.

Davis, P. J., and Brady, J., concurred.

Order affirmed with costs, with leave to defendant to answer in twenty days on payment of costs of demurrer and appeal from the order.